```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

CLARISSA CARRUTHERS,
individually and on behalf of
persons similarly situated,

       Plaintiff,

v.                       CASE NO:   8:09-cv-2641-T-33TGW

THE KEISER SCHOOL, INC.,

       Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff's Motion to Authorize Notice to Potential Class Members (Doc. # 18). Defendant filed a Response in opposition thereto (Doc. # 23).

Plaintiff[1] was employed by Defendant as an admissions advisor or admissions counselor. Plaintiff's duties included contacting prospective students on behalf of Keiser; communicating with those prospective students about opportunities offered by Keiser; and following up with prospective students with the goal of enabling prospective students to enroll at Keiser.

---

[1] The term "Plaintiff" refers to Clarissa Carruthers individually.  The Court notes that seven additional opt-in Plaintiffs have joined this action to date.

Plaintiff filed a complaint (Doc. # 1) in which she brings a claim for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Specifically, Plaintiff contends that she and other admissions coordinators or admissions counselors were not paid an overtime rate for hours worked in excess of forty (40) per week.

Plaintiff now moves for an order permitting Court-supervised notice to all similarly situated employees and former non-exempt admissions coordinators/admissions counselors, and those performing substantially similar duties, however titled, for Defendant, including all of its divisions, however constituted, at all of Defendant's locations throughout the State of Florida, regarding their opt-in rights for this collective action under the FLSA.[2]

The Court may issue an order requiring notice to similarly situated employees that informs them of their right to join in a collective action under the FLSA. See Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562, 1567 (11th Cir. 1991). The Eleventh Circuit has adopted a two-

---

[2]Pursuant to 29 U.S.C. § 216(b), an employee cannot be a party to a collective action under the FLSA unless he gives his consent in writing to become such a party and the consent is filed in the Court in which the action was brought.

2

tiered approach to certification of an opt-in class for collective actions. See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001). Under this two-tiered approach, a first determination is made, based solely upon the pleadings and any affidavits, whether notice of the action should be given to potential class members. Id. at 1218. As the Court has minimal evidence at this stage of the proceedings, this determination is made using a fairly lenient standard and typically results in "conditional certification" of a representative class. Id.

After potential class members are given notice and the opportunity to "opt-in" and discovery is complete, the opposing party may move for decertification. The Court then re-evaluates the "similarly situated" requirement and makes a factual determination based on all the evidence in the record. Id. This second-tier analysis is less lenient than the first-tier analysis, and the plaintiff bears a heavier burden. Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007); see also Hipp, 252 F.3d at 1218 (noting that the court's review of the case law revealed that "no representative class has ever survived the second stage of review").

The Court notes that the district courts in this circuit have generally utilized the two-tiered approach. See, e.g.,

3

Cameron-Grant v. Maxim Healthcare Servs. Inc., 347 F.3d 1240, 1242 n. 2 (11th Cir. 2003)("Since Hipp, the district courts in our circuit have utilized the two-tiered approach."). However, "[n]othing in [the 11th] circuit precedent ... requires district courts to utilize this approach. The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." Hipp, 252 F.3d at 1219; see also Ledbetter v. Pruitt Corp., 2007 WL 496451, at * 2 (M.D. Ga. Feb. 12, 1007).

To satisfy the initial burden or first-tier analysis regarding notice under 29 U.S.C. § 216(b), "[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." Grayson v. K-Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996). The "similarly situated" requirement of § 216(b) is more elastic and less stringent than the requirements of Rule 20 (joinder) and Rule 42 (severance). See id. at 1095. A plaintiff, however, must demonstrate a "reasonable basis" for her claim that there are other similarly situated employees. Anderson, 488 F.3d at 952. A plaintiff must make "'substantial and detailed allegations of FLSA violations and provide evidence to support' that the plaintiff and the potential collective

4

action members are 'similarly situated.'" Ledbetter, 2007 WL 496451, at *5 (quoting Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358, 365 (M.D. Ala. 1999)). At this stage, the Court will look to the pleadings and affidavits on record to determine whether there is sufficient allegations that the named plaintiff is similarly situated to the putative class members. "While it is clear that, at this stage, Plaintiffs' burden is not heavy, it is not invisible." Brooks v. A Rainaldi Plumbing, Inc., 2006 WL 3544737, at *2 (M.D. Fla. Dec. 8, 2006).

Defendant objects to Plaintiff's motion, arguing that Plaintiff was exempt from the overtime provisions of the FLSA, and that, even assuming Plaintiff was not exempt, Plaintiff has failed to meet the burden of proof required for conditional certification. The Court finds that Plaintiff's potential exemption does not necessarily preclude notice to potential class members given the stage at which the Court must make this determination. However, the Court finds that the better course of action will be to conduct initial discovery to resolve the exemption issue prior to any notice to potential class members.

In addition, the Court finds that Plaintiff has not met the burden of proof required for conditional certification.

The Court finds that the Plaintiff's seven declarations filed in support of her motion are not substantial and detailed enough to satisfy this Court that a reasonable basis exists for conditional certification. See Rappaport v. Embarq Mgmt. Co., 2007 WL 4482581, at *4 n.3 (M.D. Fla. Dec. 18, 2007)(listing many cases across the Middle and Southern District of Florida Courts that have denied conditional certification based on conclusory allegations). Plaintiff's declarations are largely the same declaration signed by seven different employees, with few minor differences.[3] They fail to establish through detailed factual allegations that Plaintiff's position is similar to the positions held by the potential class members with respect to their job requirements and pay provisions.

Plaintiff's allegations of a policy or pattern of FLSA violation as a means to establish "similarly situated" likewise fails. Ledbetter, 2007 WL 496451, at * 3. Plaintiff

---

[3]The Court notes that Plaintiff did not file affidavits, but instead filed unsworn declarations. See, e.g., Alexander-Johnson v. Lids/Hat World, 2008 WL 5115195, at *6 (N.D. Ga. Dec. 2, 2008)(document that contains an electronic signature and no notary seal is not an affidavit and could not be considered in the court's analysis of motion for summary judgment); see also Grayson, 79 F.3d at 1097 (explaining that plaintiff may meet her burden of demonstrating a reasonable basis for her claim by making substantial, detailed allegations supported by affidavits).

6

alleges that Plaintiff and those similarly situated were not properly paid for all their overtime hours based upon Defendant's "policies and practices, including but not limited to KEISER's policy and practice of failing to pay Plaintiffs and the similarly situated admissions coordinators/admissions counselors for working through their lunches." (Doc. # 18 at p. 2-3). Plaintiff never articulates the "policies and practices" to which she is referring other than the failure to pay for working through lunch. This bare-bones allegation without more is insufficient. Plaintiff provides no details establishing the particular circumstances surrounding the allegation that Defendant failed to pay Plaintiff and the opt-in Plaintiffs for working through their lunches. The fact that violations of the FLSA occurred is not enough to establish similarity for purposes of conditional certification as this alone does not establish a pattern and practice without showing that the violations were more than sporadic occurrences. <u>Barron v. Henry County Sch. Sys.</u>, 242 F. Supp. 2d 1096, 1104 (M.D. Ala. 2003). To "conclude that an employee may establish the 'similarly situated' requirement simply by claiming violations of the law by the same employer, would be to conclude that any time employees alleged unpaid overtime due from the same employer, such employees would be 'similarly

7

situated.'"  Ledbetter, 2007 WL 496451, at *5.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Authorize Notice to Potential Class Members (Doc. # 18) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of December, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record